**In the Matter of the Estate of Joseph Amschl, Deceased.**
**Donald J. Amschl, Claimant-Appellant, v. Albert C. Linenthal, Executor-Appellee.**

Gen. No. 52,508.

First District, Fourth Division.

December 11, 1968.

Rehearing denied January 16, 1969.

Richard B. Caifano and Melvin B. Lewis, of Chicago for appellant.

Linenthal & Linenthal, of Chicago (Albert C. Linenthal, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

Donald J. Amschl, claimant, filed a claim against Albert C. Linenthal, executor of the estate of Joseph Amschl, alleging that he was entitled to one-half of the estate. The trial court granted the executor's motion to strike and dismissed the complaint with prejudice. Both the claimant and the executor agree that the only question before this court is the sufficiency of the amended claim to state a cause of action.

Joseph Amschl died on June 27, 1966; his wife, Anna, had predeceased him on November 27, 1963. The only heirs were Lorrelle M. Bartel, a daughter, and a son, Donald Amschl, the claimant. Joseph's will was dated December 17, 1963. By that will he left $5,000 to his son, Donald; established a $50,000 educational trust for his grandchildren; and left the remainder in trust for his daughter, Lorrelle. The will was probated and Albert C. Linenthal was appointed executor. His preliminary evaluation of the estate was $325,000. The claimant filed a claim for approximately $162,500.

The claim as amended recited that Anna and Joseph Amschl had agreed upon a testamentary plan that each would leave all his property to the other, conditioned on survival, and failing survival, to their two children in equal parts, so that ultimately said children would each receive half of the total estate of Anna and Joseph. It was further alleged that in pursuance of the agreement Joseph and Anna each had properly executed a will carrying the testamentary plan into effect, and that the will signed by Anna had been in full force and effect at the time of her death. By its provisions it was alleged that Anna had bequeathed all her property to Joseph, who had acquired all of Anna's property on her death by reason of said agreement. Claimant further alleged that he was unable to append a copy of the will for the reason that it was withheld and secreted by Lorrelle and others.

42

The executor demanded a bill of particulars, which the claimant provided. By that bill of particulars claimant stated that he did not know the exact date of the agreement between Anna and Joseph, but that it had been made about the time of the formation of the family business 20 years before; that the agreement had been both oral and written; that three other persons, including the executor, were present when the agreement was made. He further stated that Anna had left a will, but that it had never been filed for probate, as far as he knew, and that the executor named in her will was the same as the executor named in the will of Joseph. He stated that Joseph had acquired from Anna at her death one-half of the family business and sundry other properties; that he, the claimant, had first learned of the agreement from Joseph and Anna at the time it was made.

The claimant served a subpoena upon Lorrelle, calling on her to produce the will of Anna Amschl and records concerning the property owned by Anna at the time of her death. He also issued a deposition subpoena to the persons in control of the family business, asking for records showing ownership holdings at the time of its formation and at the time of Anna's death.

The executor filed a motion to dismiss the claim which was heard before a magistrate on May 4, 1967, pleading the Statute of Frauds, failure to append a written instrument, failure of consideration, failure to state a cause of action, and the bar of the Statute of Limitations. In that hearing, when the claimant argued that the will alleged to have been made by Anna Amschl was sufficient consideration and was a written instrument, the court made the extraordinary statement, "When we talk about a will we are not talking about a piece of paper; one that is admitted to probate is what we are talking about."

43

The court then sustained the motion to strike the claim and allowed the claimant time to file an amended claim. The claimant did file an amended claim, and again a motion to strike was made by the executor. The motion was set and argued before a judge on June 26, 1967. The executor argued that the new claim was not an amended claim. The court said it did not make any difference what it was termed.

Two days after filing the amendment, claimant served notice of his motion for leave to take the depositions previously requested and to pursue other discovery. The next day the executor served notice of a second motion to strike the claim, returnable at the same time as claimant's motion for discovery. These motions were argued before a different judge from the one who originally struck the claim.

The executor's motion to dismiss relied upon the Statute of Frauds, failure of consideration, lack of jurisdiction, Statute of Limitations, and res adjudicata. The motion was argued as a matter of law, and the court thereupon found that the claim as amended did not state a cause of action, and ordered that it be stricken with prejudice and taken for naught. On the same day, June 26, 1967, the court denied the motion of claimant for discovery. From these orders this appeal is taken.

 Among other grounds for dismissing the claim, the executor relies upon the Statute of Frauds,*

---

\* Ill Rev Stats 1967, c 59, § 1. That no action shall be brought, . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.

§ 2. No action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments or any interest in or concerning them, for a longer term than one year,

44

and argues in this court that the alleged agreement between Anna and Joseph could not be considered since it had not been attached to the claim or produced by the claimant. However, we must note that the claim recited that the claimant's parents had agreed upon a testamentary plan whereby each child would receive one-half of the estate, and that pursuant thereto Anna made a will by which Joseph acquired her entire estate. If the allegations are true (all allegations in the claim are admittedly true on a motion to strike), Anna's will was a written instrument. It is alleged that she made a will, and in any case, the making of the will in accordance with the alleged agreement—whether oral or written—would be sufficient performance to take the matter from under the Statute of Frauds. In Anastaplo v. Radford, 14 Ill 2d 526, at 537, 153 NE2d 37, the court said, concerning the Statute of Frauds: "The statute is never available as a defense where there has been sufficient performance by one party in reliance upon the agreement."

■ The executor argues that it has not been alleged that any consideration had passed from any of the parties referred to which would support the alleged agreement; however, the allegation of the execution of

---

unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party.

Ill Rev Stats 1967, c 26, § 2–201. Formal Requirements; Statute of Frauds. (1) Except as otherwise provided in this Section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

wills by Joseph and Anna pursuant to their agreement was adequate consideration. It has been held that the mutual love, respect and faith presumed to exist between Joseph and Anna would be adequate consideration for such an arrangement. Curry v. Cotton, 356 Ill 538, 191 NE 307.

■ The executor's argument that the claim should be dismissed because of failure to set out an instrument in writing can be disregarded inasmuch as the claimant complied with section 36 of the Civil Practice Act by stating under oath facts showing that the instrument was not accessible to him.

■ ■ A great deal of the executor's argument, both before the trial courts and in this court, is not clearly understandable. Apparently he took the view that in order to prevent the dismissal of a claim for failure to state a cause of action, the question could be raised as to whether or not the allegations in the claim had been proved. That is not the law. The question of evidence or proof has nothing to do with this case. The sole question before this court is: did the amended claim state a cause of action? Disregarding entirely the argument of the executor with reference to proof, it is our opinion that the amended claim did state a cause of action, and the orders entered in the trial court must be reversed and the cause remanded with directions to adjudicate the merits of the claim and grant full rights for discovery.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.